**John Joe LOPEZ, Appellant,**

v.

**The ARO CORPORATION, Appellee.**

**No. 16194.**

Court of Civil Appeals of Texas,
San Antonio.

June 13, 1979.

Rehearing Denied July 25, 1979.

Richard Warren Mithoff, Jr., Nat B. King, Jamail & Kolius, Houston, for appellant.

Melvin A. Krenek, Beckman, STanard & Olson, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

This is a products liability case. John Joe Lopez, appellant, was injured when a grinding wheel on a sander-grinder manufactured by Aro Corporation, appellee, shattered and flew apart causing a piece of the wheel to become imbedded in appellant's right leg. Appellant based his cause of action on strict liability in tort alleging that appellee failed to provide an adequate warning to the user of the danger of using the tool as a grinder without a guard.

Trial was to a jury, and based on the answers to special issues, the court entered judgment for appellee. Special Issue No. 2, which the jury answered "we do not," reads as follows:

Do you find from a preponderance of the evidence that the Aro Corporation failed to provide an adequate warning to users of the tool as a grinder of the danger of using the same without a guard?

The jury also found that appellant voluntarily assumed the risk of using the tool as a grinder without a guard.

The evidence shows that the sander-grinder, which is powered by air pressure, is made and sold by appellee as an industrial tool to be utilized in a factory or assembly line. It was made to be used as both a sander and a grinder. When the tool was used as a sander, no guard was necessary, but when used as a grinder, a guard was necessary to protect the operator. This sander-grinder had been shipped accompanied by a safety guard and an operator's manual, which stated on page two under the heading "When Used as a Grinder: <u>The tool should never be operated with guard removed.</u>" This statement was conspicuously underlined in the operator's manual.

The sander-grinder in question was manufactured on October 19, 1970, sold to Swing Machinery & Equipment Company, Inc., on November 10, 1970, and subsequently resold by Swing Machinery & Equipment

Company to Construction Modules, Inc., appellant's employer at the time in question.

Appellee's representative, Mr. R. Stanford Short, an engineer with 25 years of experience in the air tool industry, testified that there was no warning of any kind of the sander-grinder itself and that in 1970 no other manufacturer of similar tools attached to the tool itself a warning to use a safety guard. He further testified that any such warning attached to the tool itself would not likely endure long because of the heavy, dirty use made of such tools and that when this tool was designed and manufactured, all manufacturers of grinding wheels attached to each wheel a warning to use a safety guard so that no grinder would be operated without this warning being present.

On the morning of July 13, 1972, a fellow workman took the sander-grinder to the tool room and had a new grinding wheel put on the machine. This workman brought the tool back to the work area and connected it to an air hose. He then put the tool down and walked away to the other side of the work area to a tool box. Appellant picked the tool up and began grinding some metal walls with it when water started coming out of the tool. He then squatted down and turned it on full speed to get the water out, and the grinding wheel exploded. Appellant testified that the sander-grinder that he was using was pretty dirty because oil, dust, and concrete had accumulated on the machine.

Appellant's first point of error contends that the trial court erred in entering judgment for appellee based on the jury's answer to Special Issue No. 2 that appellee did not fail to provide an adequate warning to the user of the dangers of using the tool as a grinder without a guard because the evidence established this finding as a matter of law. Appellant argues that appellee not only had a duty to warn the ultimate user, but also had a duty to warn of the dangers of using the tool as a grinder without a guard. Appellant contends that Mr. Short, appellee's representative, judicially admitted both the former duty since there was no warning on the sander-grinder itself and the latter duty since these dangers were not specified in the operator's manual or directed to the ultimate user in any way. Alternatively, appellant argues in his second point of error that the trial court erred in overruling his motion for new trial because the jury's answer to Special Issue No. 2 is contrary to these judicial admissions and is therefore against the great weight and preponderance of the evidence.

Appellant's cause of action is based on the doctrine of strict liability in tort as enunciated by Section 402A of the Second Restatement of Torts.[1] Texas has adopted this doctrine of products liability expressed in Section 402A. *Crocker v. Winthrop Laboratories*, 514 S.W.2d 429 (Tex.1974); *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex.1967); *Shamrock Fuel & Oil Sales Co. v. Tunks*, 416 S.W.2d 779 (Tex. 1967). Under this doctrine, a seller who places in commerce a product rendered dangerous to life or limb by reason of some defect is strictly liable in tort to one who sustains injury because of the defective condition. *Darryl v. Ford Motor Company*, 440 S.W.2d 630 (Tex.1969). Therefore, a seller under Section 402A has a duty to refrain from placing a product into the stream of trade in a defective condition unreasonably dangerous to the ultimate user. Green, *Strict Liability Under Sections 402A and 402B: A Decade of Litigation*, 54 Texas

---

1. "§ 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer.

   (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

   (a) the seller is engaged in the business of selling such a product, and

   (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

   (2) The rule stated in Subsection (1) applies although

   (a) the seller has exercised all possible care in the preparation and sale of his product, and

   (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

L.Rev. 1185, 1212 (1976). This duty has been expanded to subject a seller to liability if he introduces an unreasonably dangerous, though nondefective, product into the stream of trade without adequate warning of its danger or without adequate directions for its use. *Hamilton v. Motor Coach Industries, Inc.*, 569 S.W.2d 571, 575 (Tex.Civ. App.—Texarkana 1978, no writ); Green, *supra*, at 1200. Thus, a seller is strictly liable, even though its product is faultlessly manufactured and designed, if the product as marketed is unreasonably dangerous or likely to harm the user unless properly used. In such a case, the product would be in a "defective condition unreasonable dangerous" by virtue of the absence of an adequate warning. *See Martinez v. Dixie Carriers, Inc.*, 529 F.2d 457, 465 (5th Cir. 1976); *Reyes v. Wyeth Laboratories*, 498 F.2d 1264, 1275 (5th Cir.), *cert. denied*, 419 U.S. 1096, 95 S.Ct. 687, 42 L.Ed.2d 688 (1974); Restatement (Second) of Torts § 402A, Comments h & j (1965).

A product is unreasonably dangerous if an ordinary man, knowing the risks and dangers actually involved in its use, would not have marketed the product without supplying warnings about the risks and dangers involved in using the product as well as instructions on how to avoid those risks and dangers. *Technical Chemical Co. v. Jacobs*, 480 S.W.2d 602 (Tex.1972); Keeton, *Products Liability—Inadequacy of Information*, 48 Texas L.Rev. 398 (1970). If a seller knows or should know of potential harm to a user because of the nature of its product, the seller is required to give adequate warnings of such danger. *Bristol-Myers Company v. Gonzales*, 561 S.W.2d 801 (Tex. 1978). This duty to warn extends to the employee-user as well as the employer-purchaser. *Helicoid Gage Division of American Chain & Cable Co. v. Howell*, 511 S.W.2d 573, 577 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.). *Accord, Borel v. Fibreboard Paper Products Corporation*, 493 F.2d 1076, 1091 (5th Cir. 1973), *cert. denied*, 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107 (1974); Sales & Perdue, *The Law of Strict Tort Liability in Texas*, 14 Hous.L.Rev. 1, 129–130 (1976–77). In this case, it is undisputed that appellee knew that the use of the sander-grinder as a grinder without the guard was potentially harmful to the user. Thus, Aro Corporation, the Seller, owed a duty to Lopez, the user, to give adequate warnings of the risks and dangers of using the tool as a grinder without a guard. The only question here is whether Aro Corporation violated this duty by not supplying adequate warnings. We believe that the adequacy of the warning presents a fact question for the jury's determination. *Bituminous Casualty Corp. v. Black & Decker Manufacturing Co.*, 518 S.W.2d 868 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.); *Muncy v. Magnolia Chemical Co.*, 437 S.W.2d 15 (Tex.Civ.App. —Amarillo 1968, writ ref'd n. r. e.); Green, *supra*, at 1211. "Whether a warning is legally sufficient depends upon the language used and the impression that such language is calculated to make upon the minds of the users of the product." Green, *supra*, at 1211.

In *Bituminous Casualty Corp. v. Black & Decker Manufacturing Co.*, plaintiff was injured when a grinding wheel shattered and flew apart. Plaintiff contended that the warning given was legally inadequate. At the time of the injury plaintiff was using a sander-grinder without a safety guard. A label attached to the grinding wheel read: "Warning: Thread wheel on spindle by hand. Do not thread wheel by starting motor. Use safety guard. Maximum safe r. p. m.'s 6045." The Dallas Court of Civil Appeals concluded that the adequacy of the warning presented a jury issue, and the court summarized the essential factors of a legally adequate warning as follows:

(1) it must be in such form that it could reasonably be expected to catch the attention of the reasonably prudent man in the circumstances of its use; (2) the content of the warning must be of such a nature as to be comprehensible to the average user and to convey a fair indication of the nature and extent of the danger to the mind of a reasonably prudent person.

518 S.W.2d at 872–73. In our case, the statement, "When Used as a Grinder: *The tool should never be operated with guard removed*," could reasonably be considered a warning of the danger of using the tool as a grinder without a guard rather than merely a direction for its use.

A similar holding is found in *Hamilton v. Motor Coach Industries, Inc.*, 569 S.W.2d 571 (Tex.Civ.App.—Texarkana 1978, no writ). In *Hamilton* a workman was injured while attempting to repair a spring loaded air cylinder on a bus. The manufacturer of the cylinder knew the spring was a hazard to one who might attempt to repair the cylinder. A warning was provided in the parts manual, which accompanied each bus sold, but no warning was placed on the cylinder itself. The court, in reversing and remanding a directed verdict for the manufacturer, held that under the facts of the case, a jury question was presented on whether the ultimate user was sufficiently warned.

In *Reeves v. Power Tools, Inc.*, 474 F.2d 375 (6th Cir. 1973), the court held that a warning contained in the service manual was sufficient as a matter of law to warn the ultimate user. In *Reeves* the tool that exploded was a powder-activated gun used to make strong fastenings directly to concrete or steel without the necessity of drilling holes. It had a firing chamber similar to that of a rifle or pistol and used specially loaded blank cartridges. The gun was held flush against the surface to which a fastening was being made, and special fasteners were propelled into the concrete or steel. The gun misfired while it was being used by Reeves, and in attempting to extract the shell, it exploded and injured him. The instruction manual furnished with this industrial tool contained instructions that if followed by the workman would have prevented his injury. The court held that under the evidence in the case, one of the defendants, Omark Industries, Inc., adequately discharged its duty to warn of the dangerous nature of the tool by distributing printed instructions complete with diagrams and illustrations with each new tool that it sold or delivered even though neither Reeves nor his immediate supervisor ever saw the printed instructions or received any specific warning about misfires.

Appellant's contention that the warning was required to be placed on the sander-grinder is without merit. The evidence presents a fact issue on whether the warning contained in the manual, which is delivered to the purchaser of the sander-grinder, is sufficient to adequately warn the ultimate user of the product. In determining whether the ultimate user was adequately warned, we must examine the evidence in light of all the facts and circumstances surrounding the product's actual use.

Appellee manufactured and sold the sander-grinder for industrial use to persons familiar with its operation and propensities. The adequacy of a manufacturer's warning cannot be evaluated apart from the knowledge or expertise of those who could reasonably be expected to use the product. *See Martinez v. Dixie Carriers, Inc.*, 529 F.2d 457 (5th Cir. 1976). The evidence also shows that this sander-grinder was stored and serviced in the tool room of appellee. It was converted from a sander to a grinder in the tool room where the instruction manual was kept. At the time the product was sold, all grinding wheels contained a warning to use a guard. After considering and weighing this evidence and all the other evidence in the case, we believe that the jury's answer that appellee did not fail to provide an adequate warning to the user of the dangers of using the tool as a grinder without a guard is not against the great weight and preponderance of the evidence. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellant also contends that the admissions of Mr. Short on the witness stand conclusively establish as a matter of law that appellee did not give an adequate warning to the user of the machine. We disagree.

On cross-examination by appellant's counsel, Mr. Short testified as follows:

Q. Is there anything, Mr. Short, on the *machine itself*, warning or advising

the user or the operator of the danger of using that machine as a grinder without a guard?

A. No, Sir, there is none.

Q. In Plaintiff's Exhibit 1, your manual states under the paragraph, when used as a grinder, the tool should never be operated with guard removed. Is there anywhere in the *manual*, sir, that calls attention to the operator of the *danger* of using the machine without a guard?

A. I don't think so.

Q. Do you want to check to be sure.

A. No, I feel quite sure that there is none there.

Q. You know there is not?

A. No, if it's there, I have overlooked it several times.

As previously pointed out, it is undisputed that there was no warning contained on the sander-grinder itself. The ultimate issue to be decided by the jury was the adequacy of the warning to the user. Mr. Short's testimony was at most an opinion or conclusion and would not be binding on appellee. See *United States Fidelity & Guaranty Co. v. Carr*, 242 S.W.2d 224 (Tex.Civ.App.—San Antonio 1951, writ ref'd). We think the correct rule is stated in 32A C.J.S. *Evidence* § 1040(3), as follows: "Adverse testimony by a party is not ordinarily subject to the rule that such testimony concludes him unless it is a statement of fact; statements which are merely guesses, estimates, opinions, or conclusions are not binding." *Accord, Griffin v. Superior Insurance Company*, 161 Tex. 195, 338 S.W.2d 415 (1960).

Appellant's other points are rendered immaterial by the above holding, and the judgment of the trial court is accordingly affirmed.