Kenneth GARRISON and Dorothy
Garrison, Plaintiffs-Appellants,

v.

HEUBLEIN, INC., d/b/a Ste Pierre
Smirnoff FLS, Defendant-Appellee.

No. 81–1714.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 26, 1982.
Decided March 17, 1982.

Patrick S. Moore, Walter M. Ketchum, Ltd., Chicago, Ill., for plaintiffs-appellants.

David E. Bennett, Chadwell, Kayser, Ruggles, McGee & Hastings, Ltd., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, and PELL and SPRECHER, Circuit Judges.

PELL, Circuit Judge.

This is an appeal from the dismissal of a complaint filed by the plaintiffs, Kenneth and Dorothy Garrison, against the defendant, Heublein, Inc., the manufacturer and distributor of Smirnoff vodka.[1] In that complaint, the plaintiffs alleged that Kenneth Garrison has suffered physical and mental injuries as a result of consuming the defendant's product over a twenty-year period. They urged that the defendant is liable for those injuries on five separate theories: negligence, willful and wanton conduct, products liability, fraud, and false and misleading advertising. The crux of each of those claims is not that the product was adulterated or tainted, but rather that the defendant failed to warn the plaintiff of certain "propensities" of the product.[2]

---

1. Jurisdiction is based on diversity of citizenship. The plaintiffs are both citizens of the State of Illinois. The defendant is a citizen of the State of Connecticut. The amount in controversy exceeds $10,000, exclusive of interest and costs.

2. The plaintiffs claimed that the product has propensities "to cause physical damage to the consumer;" "to cause impairment to physical and motor skills for a period of time after consumption;" "to cause impairment to mental capacity and facilities for a period of time after consumption;" to affect the personality of the consumer; to be addictive; and to create dangers in the operation of a motor vehicle. The plaintiffs also complained that the defendant failed to state the ingredients of the product

In response to the defendant's motion under Fed.R.Civ.P. 12(b)(6), the court dismissed the complaint for failure to state a claim upon which relief can be granted. In its order, the court noted that each of the plaintiffs' theories of recovery "rest[s] on the claim that defendant had a duty to disclose, by labels and advertising, that consumption of its products may be hazardous to the consumer's health and physical and economic well-being." The court observed that the imposition of such a duty would have to be based on the "premise that liquor poses latent risks not appreciated by users." Rejecting that premise, the court found that, in light of common knowledge concerning alcohol and its effects, "the defendant has no duty to add, by labels or advertising, to the flow of information."

In this appeal, the plaintiffs challenge the district court's dismissal in two respects. First, they argue that the court did not apply the proper standard in ruling on the defendant's Rule 12(b)(6) motion. Second, they attack the substance of the decision, arguing that the court erred in ruling, as a matter of law, that the defendant does not have a duty to warn. In support of their second argument, they assert the following points: (1) that the defendant's product is defective because of the absence of warnings of dangers inherent in its use; (2) that the defendant has a duty to warn because the dangers of the products are not obvious; and (3) that, even if the dangers can be characterized as obvious, policy reasons dictate that a duty to warn be imposed. For the reasons noted below, we reject these arguments and affirm the judgment of the district court.

I

■ The proper standard for appraising the sufficiency of a complaint is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Reichenberger v. Pritchard*, 660 F.2d 280 (7th Cir. 1981). The plaintiffs' contention that the district court misapplied that standard is mistaken. Clearly, under the standard, " 'want of merit may consist in an absence of law to support a claim of the sort made.' " 2A Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1981) (quoting *De Loach v. Crowley's, Inc.*, 128 F.2d 378, 380 (5th Cir. 1942)). That was precisely the basis for the court's dismissal. It found each of the plaintiffs' theories of recovery premised on an alleged duty to disclose which, as a matter of law, does not exist. Because, under Illinois law, the determination of whether a duty to warn exists is a question of law, *Genaust v. Illinois Power Company*, 62 Ill.2d 456, 466, 343 N.E.2d 465, 471 (1976), the court's analysis was procedurally correct. Our review, then, must focus on the soundness of the underlying substantive legal determination.[3]

II

Although the plaintiffs allege five separate theories of recovery, their appellate argument concerning the defendant's duty to warn relies to a great extent upon concepts developed in the field of strict liability. Because that theory involves the lowest threshold for establishing such a duty, a failure in that regard would necessarily undercut the duty component of the other counts. Thus, it is appropriate to begin our inquiry by focusing on that area of law.

■ The doctrine of strict products liability, as articulated in the Restatement (Second) of Torts § 402A, has been adopted as law in Illinois. *Genaust v. Illinois Power Company, supra; Suvada v. White Motor Co.*, 32 Ill.2d 612, 210 N.E.2d 182 (1965). That section imposes liability upon "[o]ne who sells any product in a defective condi-

and the amount of the product that can be safely consumed.

**3.** We agree with the district court's premise that the legal sufficiency of each of the plain-

tiffs' theories of recovery, as alleged in their complaint, hinges on whether a duty to warn exists.

tion unreasonably dangerous to the user or consumer...."

Initially, the plaintiffs attempt to bring themselves within the doctrine by relying on Illinois cases which hold "that a failure to warn of a product's dangerous propensities may [itself] serve as the basis for holding a manufacturer or seller strictly liable in tort." *See Woodill v. Parke Davis & Co.*, 79 Ill.2d 26, 29, 37 Ill.Dec. 304, 306, 402 N.E.2d 194, 196 (1980).[4] That move, however, is of little value to the plaintiffs. It only demonstrates that, in circumstances when a warning is necessary, the failure to give that warning may support a strict liability action. It does not answer the critical question, that is, whether a warning is necessary in this case.

In *Lawson v. G. D. Searle & Company*, 64 Ill.2d 543, 1 Ill.Dec. 497, 356 N.E.2d 779 (1976), the Supreme Court of Illinois provided an insight into the proper approach for reaching an answer to that more basic question. In that case, the court approved the following jury instruction:

A product faultlessly made may be deemed to be unreasonably dangerous *if it is not safe for such a use that is to be expected to be made of it* and no warning is given.

64 Ill.2d at 547, 1 Ill.Dec. at 499, 356 N.E.2d at 781 (emphasis added). The court noted that the instruction paralleled certain comments to section 402A of the Restatement.[5] Thus, those comments can lend to an understanding of this area of law.

Comment *h* restates the basic predicate of the *Lawson* jury instruction: "A product is not in a defective condition when it is safe for normal handling and consumption." The comment then qualifies that general proposition by noting that "[w]here, however, [a seller] has reason to anticipate that danger may result from a particular use, as where a drug is sold which is safe only in limited doses, he may be required to give adequate warning of the danger (see com-

ment *j*), and a product sold without such warning is in a defective condition."

The plaintiffs rely on the latter language to support their contention that a warning is necessary in this case. They ignore, however, the fact that that qualification itself contains a caveat, the reference to comment *j*. That comment dealing with "directions and warning," is most salient to our present inquiry. It states in part that:

a seller is not required to warn with respect to products, or ingredients in them, which are only dangerous, or potentially so, when consumed in excessive quantity, or over a long period of time, when the danger, or potentiality of danger, is generally known and recognized.... [T]he dangers of alcoholic beverages are an example, as are also those of foods containing such substances as saturated fats, which may over a period of time have a deleterious effect upon the human heart.

This treatment of dangers "generally known and recognized" is also apparent in comment *i*, which describes the requirement of unreasonable dangerousness under section 402A:

The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics. Good whiskey is not unreasonably dangerous merely because it will make some people drunk, and is especially dangerous to alcoholics....

This position is consistent with the Illinois Supreme Court's finding in *Genaust v. Illinois Power Company*, 62 Ill.2d at 466, 343 N.E.2d at 471, that the determination of whether a duty to warn exists involves a question of foreseeability, which must be resolved under a standard of objective reasonableness. In that case, the court refused to impose on the manufacturer of metal

---

4. Such cases characterize the "failure to warn" as the "defect" in order to conform to the language of the Restatement. *See, e.g., Nelson v. Hydraulic Press Manufacturing Company*, 84

Ill.App.3d 41, 45, 39 Ill.Dec. 422, 425, 404 N.E.2d 1013, 1016 (2d Dist. 1980).

5. The Court referred to comments *h, i*, and *k*.

antennas a duty to warn consumers of the danger of electrical arcing if the product was used in close proximity to power wires. The court found that, because "it is common knowledge that metal will conduct electricity..., it is not objectively reasonable to expect that a person ... would attempt to install a metal tower and antenna in such close proximity to electrical wires." *Id.*

Likewise, in this case, we find that even though there are dangers involved in the use of alcoholic beverages, because of the common knowledge of those dangers, the product cannot be regarded as unreasonably unsafe. *See* Prosser, Law of Torts 660 (4th ed. 1971).[6] And, in light of the approach to the duty to warn approved in *Lawson*, a product that is not unsafe "for such a use that is to be expected to be made of it" requires no warning.[7] Thus, we affirm the district court's finding that the defendant in this case has no duty to warn.

The plaintiffs' final attempt to counter this implication of the common knowledge of the dangers of alcohol by arguing that, as a matter of policy, the "manufacturer of [an] obviously defective product ought not to escape because the product was obviously a bad one,"[8] must also be rejected. Their objection might be appropriate as a challenge to an "obvious danger doctrine" under which a manufacturer is discharged from his duty to warn merely by establishing that a defect is obvious. *See Harris v. Karri-On Campers, Inc.*, 640 F.2d 65, 76 (7th Cir. 1981) (interpreting West Virginia law).

That, however, is not our approach in this case. We are not saying that a duty to warn cannot arise simply because a defect in a product is obvious, even if that defect causes the product to remain unreasonably dangerous.[9] Rather, we are saying that the dangers of the use of alcohol are common knowledge to such an extent that the product cannot objectively be considered to be unreasonably dangerous.

Because the district court was correct in finding that the defendant does not have a duty to warn a consumer of the common "propensities" of alcohol, and such a duty is essential to each of the plaintiffs' theories of recovery, we affirm the judgment of the district court.

---

**6.** The plaintiffs' reliance on certain passages in the *Report to the President and the Congress on Health Hazards Associated with Alcohol and Methods to Inform the General Public of these Hazards*, U.S. Department of the Treasury and U.S. Department of Health and Human Services (1980), which illustrate that there are misperceptions about the use of alcohol, is not sufficient to upset the district court's finding, with which we agree, that it is common knowledge that certain dangers, including those alleged in the plaintiffs' complaint, are involved in the use of alcohol. *See Pritchard v. Liggett & Myers Tobacco Company*, 295 F.2d 292, 302 (3d Cir. 1961) (concurring opinion).

**7.** The alternative analytical approaches suggested by the plaintiffs, *see Nelson v. Hydraulic*

*Press Manufacturing Company, supra* (balancing test), and *Illinois State Trust Company v. Walker Manufacturing Company*, 73 Ill.App.3d 585, 29 Ill.Dec. 513, 392 N.E.2d 70 (5th Dist. 1979) (unequal knowledge), are inapposite in that they do not specifically deal with the question of the common knowledge of a product's dangers.

**8.** *Palmer v. Massey Ferguson, Inc.*, 3 Wash. App. 508, 517, 476 P.2d 713, 719 (Wash.1970).

**9.** For example, presumably a duty to warn would arise in the case of an obviously unguarded blade in a power-driven saw if the danger of injury was found to be unreasonable notwithstanding the obviousness of the defect.