**Ray MALEK and Starla Kay Malek, Appellants,**

v.

**MILLER BREWING COMPANY, Appellee.**

No. 01–87–00246–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 24, 1988.

Rehearing Denied May 5, 1988.

Charles B. Kirklin, Brian D. Womac, H. Victor Thomas, Kirklin, Boudreaux & Joseph, Houston, for appellants.

Sam W. Cruse, Jr., Jay H. Henderson, Andrews & Kurth, Houston, for appellee.

Before EVANS, C.J., and HOYT and COHEN, JJ.

COHEN, Justice.

This summary judgment appeal requires us to decide whether a brewer may be held liable for injuries caused by a drunk driver, because its beer cans bore no warning about the danger of intoxication and gave no instructions on the safe use of its product. We hold that the brewer had no duty to warn, and therefore is not liable.

Appellant, Ray Malek, was injured in an automobile accident with Lee Kathryn

Payne, who was intoxicated from drinking Miller Lite Beer. Payne was 17 years old and driving her father's car when the accident occurred. Appellants sued Payne, her father, the convenience stores that sold beer to Payne, and Miller Brewing Company (Miller). They alleged that Miller's liability arose from its failure to warn consumers about the dangers of excessive beer consumption and driving an automobile, and its failure to instruct on the safe use of its product. Appellants alleged theories of recovery in negligence and in strict liability.

Miller moved for summary judgment, contending that it owed no legal duty to warn that beer may cause intoxication and render drinkers unable to operate a car. Likewise, Miller asserted it had no duty to provide instructions on the safe use of its beer.

Appellant furnished affidavits from a health policy advisor to a United States Senator regarding proposed federal legislation on alcohol warning labels; from a Harris County juvenile probation officer; from the state executive director of Mothers Against Drunk Driving; and from an instructor for DWI probationers, generally stating their opinions that there is a need for labeling information on beer and that there is public confusion and ignorance about the effects and dangers of alcohol consumption.

In a letter announcing the summary judgment, the trial judge wrote:

Beer, when it leaves the Miller Brewing Company plant, is not an unreasonably dangerous product.... Beer only becomes an unreasonably dangerous product when consumed in excess and the consumer operates a motor vehicle. The dangers of consuming too much beer and operating a motor vehicle are well known to the general public and are matters of common knowledge.... There simply is no legal duty on Miller Brewing Company to warn the general public of the dangers of consuming intoxicating beverages or instruct in their use. There being no duty, no favorable factual findings on any issue could entitle plaintiff to

prevail. Therefore, the summary judgment will be granted.

The claim against Miller was then severed.

A strict liability action examines and decides whether a product is unreasonably dangerous because of a defect. A negligence action determines whether the manufacturer failed to carry out a duty to act with ordinary care. *Gonzales v. Caterpillar Tractor Co.*, 571 S.W.2d 867 (Tex. 1978). The questions are the same in the context of this case: did Miller have a duty to warn of the dangers of beer consumption?

Appellants' strict liability action is based on section 402A, Restatement (Second) of Torts (1965), which was adopted in Texas in *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex.1967). Under section 402A, a seller is held strictly liable for injuries to users and others if the product's defective condition makes it unreasonably dangerous. A product safely designed and manufactured may be unreasonably dangerous as marketed, because of inadequate warnings or instructions. *Lucas v. Texas Industries, Inc.*, 696 S.W.2d 372, 372 (Tex. 1984) (op. on reh'g).

Alcoholic beverages are specifically excepted from the classification of unreasonably dangerous products in the comments to the Restatement.

Many products cannot possibly be made entirely safe for all consumption, and any food or drug necessarily involves some risk of harm, if only from over-consumption.... The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics. Good whiskey is not unreasonably dangerous merely because it will make some people drunk, and is especially dangerous to alcoholics; but bad whiskey, containing a dangerous amount of fusel oil, is unreasonably dangerous.

Section 402A comment i.

With respect to warnings or directions, the Restatement declares:

[A] seller is not required to warn with respect to products or ingredients in them, which are only dangerous, or potentially so, when consumed in excessive quantity, or over a long period of time, when the danger, or potentiality of danger, is generally known and recognized. Again the dangers of alcoholic beverages are an example, as are also those of foods containing such substances as saturated fats, which may over a period of time have a deleterious effect upon the human heart.

Section 402A comment j.

We have been directed to no Texas decisions that have imposed liability in these circumstances. *See Morris v. Adolph Coors Co.*, 735 S.W.2d 578 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.) (no duty to warn 18–year–old consumer of dangers of drunk driving). Courts have noted the difficulty of devising an adequate warning of the particular tolerance of each consumer. *MaGuire v. Pabst Brewing Co.*, 387 N.W. 2d 565 (Iowa 1986).

In *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690 (Tenn.1984), the Tennessee Supreme Court held that the risk to a minor of death from ingestion of Everclear grain alcohol was not a hidden or unknown danger requiring a warning. The court noted that the use of alcohol throughout history has created a body of common knowledge about its characteristics.

In *Garrison v. Heublein, Inc.*, 673 F.2d 189 (7th Cir.1982), the court held that a manufacturer had no duty to warn consumers of the dangers of alcohol, given the common knowledge of dangers involved in its use. The plaintiff in *Garrison* claimed physical and mental injuries from consuming vodka for 20 years.

Appellants have cited no authority from any jurisdiction imposing a duty under these circumstances. They argue, however, that because the Texas Supreme Court has recently expanded the seller's duty to include third persons harmed by drunk drivers, *El Chico Corp. v. Poole*, 732 S.W.2d 306 (Tex.1987), this Court should, similarly, expand the manufacturer's duty to require that alcohol warning labels of some kind be placed on the product. In response to this argument, we find Justice Kilgarlin's words instructive:

In spite of a societal dynamic to expand duty, Texas still follows a general rule that Texans do not owe others general amorphous legal duties. The rule in Texas still distinguishes between moral and legal duty. Although one may have a moral duty to prevent a blind person from crossing a busy street against a light, a person has no legal duty to do so unless additional factors exist. These other factors include the existence of familial or voluntary relationships which impose a duty, statutes or ordinances which may legally require action, or special circumstances, such as having placed the blind man in his precarious position in the first place. These relationships and circumstances may be born of contract as well as other voluntary or legal origins. These are the duties that must expand and mutate in response to changes in society.

Kilgarlin & Sterba–Boatwright, *The Recent Evolution of Duty in Texas*, 28 S.Tex.L. Rev. 241, 245 (1986).

None of the "additional factors" recited above are present in this case. There is no special relationship between Miller and Payne or the appellants. It is not alleged that Miller violated a statute, *compare El Chico v. Poole*, or controlled Payne's conduct, *compare Otis Engineering Corp. v. Clark*, 668 S.W.2d 307 (Tex.1983).

Statutes subjecting persons, including 17–year–olds like appellant, to criminal sanctions for driving while intoxicated represent society's harshest "warnings." *See* Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Vernon Supp.1988); *see also* the recently passed "open container" law, Tex.Rev.Civ.Stat. Ann. art. 6701d, sec. 107E (Vernon Supp. 1988); *see also* Tex.Fam.Code Ann. sec. 51.03 (Vernon Supp.1988) (imposing civil sanctions on juveniles for driving while intoxicated). These statutes reflect the public's awareness of the dangers of drunk driving. This general awareness weighs against imposing a duty to warn on beverage manufacturers. Texas courts have

found no duty to warn where the public's awareness of danger was much less certain. *Compare Friedman v. Houston Sports Ass'n,* 731 S.W.2d 572, 575 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (Cohen, J. concurring) (11–year-old held bound, as a matter of law, to have known the risk of being hit by balls at a baseball stadium). Moreover, Texas courts have long taken judicial notice that beer is intoxicating and that intoxicated persons are unfit to drive. *Dixon v. State,* 159 Tex.Crim. 258, 262 S.W.2d 488, 491 (1953); *Schiller v. Rice,* 151 Tex. 116, 126–27, 246 S.W.2d 607, 613–14 (1952).

We realize that appellants claim that Miller's advertising misled Payne to believe that "Lite" beer was less intoxicating than other beer. However, cases like *Dixon* and *Schiller* mean that beer drinkers, including Payne, are bound, as a matter of law, to recognize the danger of intoxication. Given these precedents, we hold that the degree of intoxication to be expected from any particular brand of beer does not require a duty to warn, or give rise to a fact question.

We conclude that Miller had no duty to warn and that the product, as marketed, was not unreasonably dangerous. Consequently, the summary judgment is affirmed.

EVANS, C.J., dissents.

EVANS, Chief Justice, dissenting.

I do not disagree with the basic rule, expressed in the majority's opinion, that an alcoholic beverage manufacturer generally has no duty to warn consumers about the dangerous characteristics of its intoxicating products. *See* Restatement (Second) of Torts sec. 402A comment i (1965); *Morris v. Adolph Coors Co.,* 735 S.W.2d 578 (Tex. App.—Fort Worth 1987, writ ref'd n.r.e.).

As the majority notes, the comment to the Restatement suggests that "good whis-key," like "good tobacco," is not considered "unreasonably dangerous," even though overindulgence may result in serious harm to the consumer. Sec. 402A comment i. Quite likely, this observation is based on the public's general awareness that if one drinks too much alcohol or smokes too much tobacco, one may seriously harm oneself or someone else. I therefore recognize that because the potential dangers of drinking beer are commonly known, Miller Brewing Company was not under a duty to warn of the dangers of driving while intoxicated. Sec. 402A comment j.

My disagreement with the majority opinion is with its sweeping application of this general rule to negate all of the allegations of the plaintiff's petition. Malek not only alleged that Miller Brewing Company failed to warn of the dangers of consuming Miller Lite Beer beyond a certain limit; he also alleged that Miller Brewing Company failed to provide safety instructions as to *how much* Miller Lite Beer could be consumed before it became dangerous to drive.[1]

Malek further alleged that Miller Brewing Company's advertising misled consumers to believe that Miller Lite Beer was less intoxicating than regular beer and that such advertising was especially attractive to under-aged persons such as the driver of the automobile that injured him. These allegations, if true, go beyond the mere assertion that Miller Brewing Company failed to issue a general warning about the dangerous characteristics of its intoxicants.

An important factor in this review is that Miller Brewing Company's motion for summary judgment is directed solely at the plaintiff's petition. In this situation, the reviewing court must accept as true every allegation against which the motion is directed. *Abbott v. City of Kaufman,* 717 S.W.2d 927, 929 (Tex.App.—Tyler 1986, writ dism'd w.o.j.); *Gottlieb v. Hofheinz,* 523 S.W.2d 7, 10 (Tex.Civ.App.—Houston

---

1. Scientific knowledge about the effect of alcohol has obviously advanced since the Restatement was written. For example, a person having .10% of blood or breath alcohol concentration is now deemed to legally unfit to drive. Tex.Rev.Civ.Stat.Stat.Ann. art. 6701*l*–1 (Vernon Supp.1987). While there is no general understanding about how many beers a person may consume within a given time before reaching an illegal state of intoxication, such information may be available to alcoholic beverage manufacturers.

[1st Dist.] 1975, writ dism'd w.o.j.); *Labbe v. Carr,* 369 S.W.2d 952, 954 (Tex.Civ.App. —San Antonio 1963, writ ref'd n.r.e.); *see also Holmes v. Canlen Management Corp.,* 542 S.W.2d 199 (Tex.Civ.App.—El Paso 1976, no writ). Furthermore, Malek, as the non-movant, must be given the benefit of every reasonable inference that can be drawn from such allegations. *Abbott,* 717 S.W.2d at 929.

Taking the allegations in Malek's petition as true, Malek has stated a legal cause of action against Miller Brewing Company, based on its alleged failure to give information to its consumers about safe levels of beer consumption.

A product manufacturer may be held strictly liable if it introduces into the stream of trade a product that is likely to harm the user, unless the manufacturer provides adequate instructions for the safe use of the product. *See Lopez v. Aro Corp.,* 584 S.W.2d 333, 335 (Tex.Civ.App.— San Antonio 1979, writ ref'd n.r.e.); *see also Butler v. PPG Indus., Inc.,* 201 N.J. Super. 558, 493 A.2d 619, 621 (Ct.App.Div.), *cert. denied,* 102 N.J. 298, 508 A.2d 186 (1985); *see generally* Noel, *Products Defective Because of Inadequate Directions or Warnings,* 23 S.W.L.J. 256, 264 (1969). The adequacy of such safety instructions is generally a question of fact for the jury. *Munoz v. Gulf Oil Co.,* 732 S.W.2d 62, 65 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (citing *Alm v. Aluminum Co. of America,* 717 S.W.2d 588, 592 (Tex. 1986)); *Lopez,* 584 S.W.2d at 335.

There is an important difference between a manufacturer's duty to warn and its duty to provide information that will enable the consumer to use the product with safety. *See generally* Sales, *The Duty to Warn and Instruct for Safe Use in Strict Tort Liability,* 13 St. Mary's L.J. 521, 554 (1982). Although general awareness of a product's dangerous characteristics may relieve the product manufacturer of a duty to warn, the manufacturer may yet have the duty to issue instructions for the safe use of the product. *Id.*

For example, one selling dynamite may not be obligated to notify a buyer that the product will explode because "everyone knows" that these qualities are inherent in the product. *Dempsey v. Virginia Dare Stores, Inc.,* 239 Mo.App. 355, 186 S.W.2d 217, 220 (1945). But even though the dangers of dynamite are commonly known, the seller may still have the duty to issue instructions regarding its safe use. *See Cooley v. Quick Supply Co.,* 221 N.W.2d 763, 771 (Iowa 1974).

Thus, a manufacturer that has special knowledge about the safe use of a potentially dangerous product is under a duty to impart that information to its consumers. *See Borel v. Fibreboard Paper Prod. Corp.,* 493 F.2d 1076, 1089–91 (5th Cir. 1973), *cert. denied,* 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107 (1974); *see also Boatland of Houston, Inc. v. Bailey,* 609 S.W. 2d 743 (Tex.1980); *see generally* 63 Am. Jur.2d *Products Liability* sec. 338 (1984). And a product manufacturer is generally held to have the knowledge of an expert regarding its products, which requires that it test and inspect its products and keep itself abreast of relevant safety information. *Borel,* 493 F.2d at 1089.

In this case, the summary judgment record does not conclusively negate Malek's allegations that Miller Brewing Company could have issued safety instructions to its consumers about how much Miller Lite Beer a person could safely consume before becoming too inebriated to drive.[2] In a trial on the merits, Malek may be unable to prove Miller Brewing Company could have formulated an adequate safety instruction, due to the differing alcoholic tolerances of each consumer. *See Maguire v. Pabst Brewing Co.,* 387 N.W.2d 565 (Iowa 1986).[3] But Miller Brewing Company has not conclusively negated Malek's

---

**2.** This is a material fact question yet unanswered. The plaintiff's allegations simply raise the inference that such information was available to the defendant.

**3.** Malek's own summary judgment "evidence," although far from conclusive, tends to show that a cautionary label could be fashioned to give beer consumers quantitative guidance regarding safe levels of consumption.

allegations that such instructions could have been given, and Malek's allegations state a legal basis for recovery on that theory. *See generally* Noel, 23 S.W.L.J. at 270.

Malek's petition also states a legal cause of action based on his allegations that Miller Brewing Company's advertising misled its consumers, particularly under-aged persons, that Miller Lite Beer was less intoxicating than regular beer. A product manufacturer may be liable, even in the absence of fraud or negligence, for material misrepresentations regarding the character or quality of its product. *See generally* Restatement (Second) of Torts sec. 402B (1965); 63 Am.Jur.2d *Products Liability* sec. 349. Such liability may be imposed where the manufacturer's advertised representations imply that a particular danger does not exist or unrealistically minimize the danger. *See Crocker v. Winthrop Laboratories, Div. of Sterling Drug, Inc.,* 514 S.W.2d 429 (Tex.1974); *see generally* 63 Am.Jur.2d *Products Liability* sec. 349.

Although the summary judgment record indicates that Malek may have a difficult, if not impossible, task of proving the allegations in his petition, his pleadings do state a legal basis for relief on either of the two theories alleged. On this appeal, we are not concerned with whether Malek will likely prevail at trial, but only with whether the record shows, as a matter of law, that he cannot recover on the cause of action alleged. *See Winters v. Langdeau,* 360 S.W.2d 515, 516 (Tex.1962); *see also Conerly v. Morris,* 575 S.W.2d 633, 635 (Tex. Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.).

I would reverse the trial court's summary judgment and remand the cause for further proceedings.