**Edward E. SMITH**

v.

**ANHEUSER–BUSCH, INC., et al.**

No. 91–148–A.

Supreme Court of Rhode Island.

Nov. 21, 1991.

James T. McCormick, McKenna & McCormick, Providence, for plaintiff.

Gary Crawford, Stephen Reid, Jr., John Blish, Blish & Cavanagh, Providence, David Oliveira, Urso, Liguori & Urso, Westerly, Mark Nugent, Rice, Dolan & Kershaw, Providence, for defendants.

## OPINION

PER CURIAM.

This matter was before the Supreme Court on an order issued to the plaintiff, Edward E. Smith, to appear and show cause why his appeal should not be denied and dismissed. The Superior Court had granted the motion of the defendant, Anheuser–Busch, Inc., to dismiss all counts. In this case the plaintiff had brought suit against several defendants. His claims against Anheuser–Busch were based on theories of fraud, negligence, products liability, breach of implied warranties, breach of express warranty, and civil conspiracy. In essence, the plaintiff argues that the defendant's media advertising caused the plaintiff, who was under age, to purchase and consume beer, to drive while intoxicated and to suffer serious permanent injuries.

The trial justice granted the motion of Anheuser–Busch, Inc. to dismiss with prejudice, ruling that plaintiff had failed to identify specific advertising he had seen and how it had affected him. Moreover the

trial justice determined that whereas plaintiff had not pleaded reliance, had he done so adequately, recovery as a matter of law was not possible because plaintiff could not demonstrate reasonable reliance since no reasonable person could have relied on any alleged representation in media advertising that driving while intoxicated is safe or acceptable. *Morris v. Adolph Coors Co.*, 735 S.W.2d 578 (Tex.Ct.App.1987); *see also Maguire v. Pabst Brewing Co.*, 387 N.W.2d 565, 570 (Iowa 1986); *Malek v. Miller Brewery Co.*, 749 S.W.2d 521, 523–24 (Tex. Ct.App.1988); *Joseph E. Seagram & Sons v. McGuire*, 814 S.W.2d 385, 387–88 (Tex. 1991).

After reviewing the memoranda submitted by the parties and after hearing counsel in oral argument, this court concludes that cause has not been shown. It is apparent that either under strict liability, negligence, or breach of warranty the overwhelming weight of authority requires the dismissal of the plaintiff's action.

For these reasons, the plaintiff's appeal is denied and dismissed, the order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.