CARLOS E. MENDOZA, UNITED STATES DISTRICT JUDGE
THIS CAUSE is before the Court on Defendant's Motion to Dismiss ("Motion," Doc. 5). Plaintiff filed an untimely Response (Doc. 13). As set forth below, the Motion will be granted.
I. BACKGROUND
Plaintiff alleges that over the course of three hours, he consumed approximately eight Keystone Ice beers, which are manufactured by Defendant. (Compl., Doc. 1-2, at 4). As a result, Plaintiff alleges he "ended up in jail ... [without] knowing what had transpired" and with a "stab wound to [his] left hand" and a cut on his pointer finger. (Id. at 5). Plaintiff brings one claim, alleging that Defendant failed to warn him "of the dangers of blacking out due to consuming their product." (Id. at 3-4). Defendant has moved to dismiss Plaintiff's claim with prejudice.
II. MOTION TO DISMISS STANDARD
"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state *1134 a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. See United Techs. Corp. v. Mazer , 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." St. George v. Pinellas Cty. , 285 F.3d 1334, 1337 (11th Cir. 2002).
III. ANALYSIS
As noted, Plaintiff's only claim is for failure to warn of the dangers of blacking out associated with over-consumption of an alcoholic beverage. A manufacturer's duty to warn arises when there is a need to inform consumers of dangers of which they are unaware. Cook v. MillerCoors, LLC , 872 F.Supp.2d 1346, 1350 (M.D. Fla. 2012). "Because the dangers associated with alcohol consumption are very well known, courts have usually found that alcohol manufacturers and retailers do not have a duty to warn consumers about the risks posed by the excessive use, or prolonged use of alcohol." Id. at 1351 (quoting Robinson v. Anheuser Busch, Inc. , CIV.A. 00-D-300-N, 2000 WL 35432556, at *2 (M.D. Ala. Aug. 1, 2000) (collecting cases)). "[T]he degree of intoxication to be expected from any particular brand of beer does not require a duty to warn, or give rise to a fact question." Id. (quoting Malek v. Miller Brewing Co. , 749 S.W.2d 521, 524 (Tex. App. 1988) ). "Florida law dictates that manufacturers have no duty to warn of the well-known effects of alcohol. The Court is not persuaded to deviate from this well-established precedent." Id.
Therefore, it is ORDERED and ADJUDGED as follows:
1. Defendant's Motion to Dismiss (Doc. 5) is GRANTED .
2. Plaintiff's Complaint is DISMISSED with prejudice .
3. All other pending motions are DENIED as moot .
4. The Clerk is directed to close this case.
DONE and ORDERED in Orlando, Florida on April 22, 2019.