### HENRY HENDERSON v. THE STATE.

*No. 1201.  Decided January 27th, 1897.*

1. **Statement of Facts—Diligence to Procure.**

Where it appeared that ten days were allowed within which to file the statement of facts, that before the expiration of the time, defendant having failed to obtain an agreement from the County Attorney, presented his statement, consisting of one page of written matter, to the judge, who promised to make up and file a statement, but failed to do so. Held: Defendant's diligence was sufficient, and the statement made by him was entitled to be considered on appeal.

2. **Sale of Liquor to Minor—Evidence—"Knowingly."**

The offense of selling liquor to a minor consists in the fact, that it was "knowingly" done. Knowledge of the fact, that the buyer is a minor, must be both alleged and established. The mere proof that a person is 16 years of age and bought whiskey from a saloon keeper, without something more to bring home to him a knowledge of the minority of the purchaser, is not sufficient to make out the offense. The State must prove that the defendant knew that the purchaser was not 21 years of age.

APPEAL from the County Court of Dallas. Tried below before Hon. THOMAS F. NASH, County Judge.

Appeal from a conviction for selling liquor to minor; penalty, a fine of $25.

The opinion states the case.

*Parks & Carden*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of selling liquor to a minor, and fined $25; hence this appeal. Motion was made by the Assistant Attorney-General to strike out the statement of facts in this case, because filed too late. We find a ten-days' order in the record, but the statement of facts is filed after the expiration of the ten days

after adjournment of the term. The attorney for appellant has filed an affidavit, setting up the diligence used by him to have said statement of facts filed within the time allowed by law, and this affidavit is not controverted. Said affidavit shows, in effect, that appellant's attorney prepared a statement of facts, consisting of one page of written matter, and presented it to the County Judge two or three days before the expiration of the ten days, having failed to obtain an agreement with the County Attorney. The judge promised to make up a statement of facts, and file the same in time, but did not do so until after the expiration of the ten days. We think the diligence shown in this case by appellant is sufficient. See, Prieto v. State, 35 Tex. Crim. Rep., 69. It has been held by this court that if appellant used proper diligence, and the judge has failed to file a statement of facts in time, and files the same after the expiration of the time authorized by law, said statement of facts will be considered. See, Bigham v. State, 36 Tex. Crim. Rep., 453. The only question to be considered in this case is whether or not the proof shows that defendant "knowingly" sold the liquor to the minor; that is, that defendant sold the liquor to Loline Wall, knowing at the time that she was a minor. The only evidence on this subject is that of the witness, Loline Wall, herself. She states that she bought the whiskey from the defendant, and that she was only 16 years of age. There is no testimony in the record showing her personal appearance as to age; nor, indeed, is there any other testimony whatever bearing on the subject of her age, and knowledge on the part of appellant, except as above stated. Our statute defining this offense uses the term "knowingly." An indictment charging it must contain the allegation that "he knowingly sold the liquor to a minor," etc. This must be proven as an affirmative fact by the State. Mr. Bishop says: "Where the statute is silent as to defendant's intent or knowledge, the indictment need not allege, or the government's evidence show, that he knew the fact. His being mislead concerning it is a matter for him to set up in defense, and prove. Quite different are the law and procedure where the statute has the word 'knowingly' or the like. Knowledge is then an element in the crime. The indictment must allege it, and the evidence against the defendant affirmatively establish its existence. See, Bishop's Stat. Crimes, § 1022. We hold in this case that the mere proof that a person is 16 years of age, and bought whiskey from a saloon keeper, without something more to bring home to him knowledge of the minority of the party purchasing, is not enough to make out this offense. See, Williams v. State, 23 Tex. Crim. App., 70; Hunter v. State, 18 Tex. Crim. App., 444. We would not be understood as holding that in all cases evidence in addition to the age of the person to whom the whiskey was sold is required. Let us suppose the minor to whom the whiskey was sold was 7, 8 or 9 years of age. Under such a case, we would hold that this would be sufficient evidence to show that the seller had knowledge that the minor was not of age. But in a case where the party to whom the whiskey was sold was of such an

age as in this case, 16 years old, and might have all the developments and appearance of an adult, then the State must go further, and introduce evidence as to the appearance of the person, etc. Of course, if it could be proved that the seller had actual knowledge of the age of the party, this would be sufficient, let the appearance of the party be what it may. A girl of 16 years of age might be married. She might be so thoroughly developed as to impress the seller with the belief that she was of age. Now, the proposition is an affirmative one—the State must prove that the defendant knew that the purchaser was not 21 years of age. Of course, this can be done by circumstances; but the jury must be satisfied of the truth of this proposition by the evidence beyond a reasonable doubt. We are of opinion that the evidence does not sustain the conviction, and the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*