## BEN E. SMITH V. THE STATE.

No. 19589.  Delivered March 30, 1938.

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for knowingly selling intoxicating liquor to a minor; punishment, a fine of $350.

The record shows that Wesley Fitzgerald, a minor about nineteen years of age, and Orval Owens, a man twenty-six years of age, went into a drug store and purchased a quart of wine. Neither Fitzgerald nor Owens positively identified appellant as the person who sold the wine to them. The sheriff and his deputy, who were across the street at the time, testified that they saw appellant go into a back room of the drug store, accompanied by Fitzgerald and Owens, and return in a short time to the front part of the store, where appellant rang the cash register and handed something to Fitzgerald. After Owens and Fitzgerald had left the store, the officers followed them and recovered the quart of wine. The State, in addition to proving the above facts, proved by the custodian of the records of the Scholastic Census that Fitzgerald was, according to the record, only eighteen years of age. This, in substance, is the extent of the State's testimony. Appellant did not testify or offer any witnesses.

Appellant asserts that, in a legal sense, the testimony is insufficient to justify and sustain his conviction. We are inclined to agree with him. This prosecution was brought under Subdivision 26 of Article 666, P. C., which, among other things,

provides: "It shall further be unlawful for any person to *know-ingly* sell any liquor to any person under the age of twenty-one (21) years of age," etc.

It is apparent from the language of the. statute quoted that knowledge is an essential element of the offense and the burden is upon the State to show knowledge of minority. In the absence of such proof, the conviction can not be sustained. There is not a particle of evidence in the record that appellant knew that Fitzgerald was under twenty-one years of age. See Hunter v. State, 18 Texas Crim. Rep. 444; Williams v. State, 23 Texas Crim. Rep. 70; Henderson v. State, 37 Texas Crim. Rep. 79; Gray v. State, 44 Texas Crim. Rep. 470.

We are also of the opinion that the court should have given appellant's special requested charges numbers two and four, as appeared in the record, or charges of like import.

For the errors hereinabove discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.