ELMO STURGEON V. THE STATE.

No. 22624. Delivered November 17, 1943.
Rehearing Denied January 5, 1944.

The opinion states the case.

*Julian LaCrosse,* of Del Rio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $100.00 assessed by a jury in the county court upon a charge of violating the liquor laws.

The complaint charges that appellant did knowingly sell liquor to Charles Glover, a minor, well knowing that he was under twenty-one years of age and that said liquor "was then and there an alcoholic beverage containing alcohol in excess of four per cent. by weight, to-wit, wine*****." In his motion for an instructed verdict appellant contends that the identity of the party selling the wine to the Glover boy was not proven; that knowledge of the age of the minor was not proven in the accused to that degree required by law and that the evidence was insufficient because it was not proven that the wine sold had an alcoholic content of four per cent. as alleged.

We think the evidence of Charles Glover, together with that of the proprietor of the place for whom appellant worked, sufficiently identifies him as the party making the sale.

It is in evidence that the minor was a school boy sixteen years of age; that he was large in size but had a youthful appearance. On a previous occasion only a few months before the sale alleged, he had informed appellant of his age. This was sufficient. Such evidence is not denied or explained away and no defense testimony was offered in rebuttal, either to deny, modify, or explain the State's evidence on the subject. We are unable to say that this contention should have been sustained.

Art. 666-26 of the Penal Code, a section of the Liquor Control Act, makes it unlawful for any person to knowinyly sell any liquor to any person under twenty-one years of age. Section 3a of the same article (volume 1, page 628, Vernon's Ann. P. C.) contains the following definition of liquor:

" 'Liquor' shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated. Proof that an alcoholic beverage is alcohol, spirits of wine, whiskey, liquor, wine, brandy, gin, tequilla, mescal, habanero, or barreteago, shall be prima facie evidence that the same is liquor as herein defined."

The State, having proved the sale of wine, fully complied with the statutory requirements. Skinner v. State, 159 S. W. (2d) 879.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant further insists that the evidence is insufficient to support the averment that he knew the purchaser of the liquor was under 21 years of age.

The statement of facts has again been examined, and we think this court would not be authorized in saying that the evidence did not justify the jury in finding that appellant knew the boy who purchased the liquor was a minor. Some six months before the date of the sale appellant had refused a sale of liquor to the boy, and appellant had been apprised at that time that the boy was a minor. The father testified that from the boy's size and weight one might take him to be more than 21 years of age, but that by looking into his face anyone would know he was "just a kid."

The motion for rehearing is overruled.