BEULAH MAE SLAWSON V. STATE

No. 27,514. March 30, 1955

*Ragan* and *Weaver*, by *Billy H. Ragan*, Houston, for appellant.

*Dan Walton*, District Attorney, *Eugene Brady*, Assistant District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

By Art. 666-26, Vernon's P.C., it is unlawful for any person to sell intoxicating liquor to a person under the age of twenty-one years.

This is a conviction under that statute, with punishment assessed at a fine of $150.

Dianna Slawson was the licensed operator of a cafe and connecting beer garden. The appellant, her nineteen-year-old daughter, was employed there as a waitress and served beer to patrons.

The facts show that on the night of August 28, 1954, three young men came into the beer garden and seated themselves at a table. Appellant attended their table and each of them ordered a bottle of beer. Appellant asked them for some evidence or identification as to their ages.

The witness Daniel Larson, one of the three and the one to whom it was alleged appellant made the sale of the beer, testified that he gave appellant his "drivers" license card which showed his age to be seventeen years, and that the two other young men gave appellant their draft registration cards.

Appellant, with the cards, went into the main portion of the tavern and later returned with the orders of beer. Larson then gave her a ten-dollar bill with which to pay therefor. She again went back to the main part of the tavern, later returning with the change.

Officers standing "on the edge of the patio" saw the three boys "sitting at a table drinking beer" and immediately went to them and inquired as to their ages and were told, "17, 19 and 19." Larson exhibited his "drivers" license to the officers, which showed that he was seventeen years of age.

Appellant and her mother were then placed under arrest.

The mother testified that she was the owner of the cafe and that appellant was in her employ. As to the transaction here involved, the witness testified that the appellant brought her "three draft registration cards" showing the ages of the holders to be "22, 22 and 21" and that appellant did not look at the cards. She said that the decision to sell the beer, upon the representation of the ages as contained in the cards, was made by her, the mother.

As a witness in her own behalf, appellant testified that she took the three identification cards to her mother, who made all decisions relative to the sale of beer to those concerning whose

age there might be any question, and that she (appellant) knew nothing about the ages of the purchasers of the beer, as she did not examine or read the cards which were presented to her.

It is insisted here that the proof fails to show knowledge on the part of the appellant that the alleged purchaser of the beer was under the age of twenty-one years.

The conclusion is reached that the evidence touching the exhibition and delivery to the appellant of his "drivers" license showing that he was only seventeen years of age was sufficient to authorize the finding that appellant had knowledge of that fact when she made delivery of the beer to the purchaser.

The judgment is affirmed.