### TEXAS LIQUOR CONTROL BOARD, Appellant,

v.

### Otis D. COGGINS, Jr., et al., Appellees.

No. 5784.

Court of Civil Appeals of Texas.

El Paso.

April 27, 1966.

Rehearing Denied May 18, 1966.

Waggoner Carr, Atty. Gen., Austin, Brady S. Coleman, Howard M. Fender, Hawthorne Phillips, T. B. Wright and Douglas Chilton, Asst. Attys. Gen., Austin, for appellant.

Bruce C. Sutton, Alpine, for appellees.

FRASER, Chief Justice.

The Attorney General for the State of Texas has filed his Appellant's Motion for Rehearing in the above styled and numbered case. Upon consideration of this Motion and other authorities, we have reached the conclusion that our former opinion was incorrect. Therefore, the former opinion in this case is withdrawn and the following opinion is substituted therefor:

## OPINION

This is an appeal from the judgment of the District Court of Brewster County, Texas, setting aside an Order of the Assistant Administrator of the Texas Liquor Control Board, dated January 8, 1965, suspending for 30 days the Package Store Permit No. 33951, the Local Cartage Permit No. 34240, and the Beer Retail Off-Premises License No. 188800, issued to Otis D. Coggins, Jr. and Kenneth Stucke, C & S Package Store, 706 East Holland Avenue, City of Alpine, County of Brewster, State of Texas. Appellant, by its point of appeal has attacked the ruling of the District Court in its setting aside of the above stated Order.

It is undisputed, and so stipulated, that on October 31, 1964, at the C & S Package Store, Alpine, Texas, Mrs. Otis D. Coggins sold beer to a person named Howard David Burnett, a person under the age of 21 years. The appellees here have never denied the sale or challenged the age of the purchaser, but both parties appear to brief this matter on the question of whether Mrs. Coggins "knowingly" sold the beer to this minor, and/or whether there was substantial evidence as to such matter before the Assistant Administrator in Austin, Texas to justify the Order of the Assistant Administrator as set forth above.

The record reveals that the investigator for the Texas Liquor Control Board was seated in his car across the street from the package store, and that Mrs. Coggins was aware of the fact and knew what his business was. This particular package store has a drive-in window, and it appears that this young man drove up in his car pulling a trailer, at approximately 5:30 P.M., October 31, 1964, and at the time was returning from a rodeo or a practice for one, and was, as the evidence reveals, somewhat dirty from his previous activities. This young man is six feet three inches in height, married, and at the time of the purchase was wearing a dark hat.

It is apparent from the record that the investigator, Mr. Cherry, as well as the appellees, testified in the District Court at Alpine, Texas. The testimony of the investigator was to the effect that the boy looked to him to be much younger than 21, and for that reason he followed him after he made the purchase, and the boy admitted that he was 18, and it appears that he hadn't been 18 very long. Mrs. Coggins, who made the sale, said that the boy drove up about 5:30 in the evening in an automobile, and that at the time he was wearing a dark hat. It appears that he had just come from the rodeo and was probably somewhat dirty. Mrs. Coggins further testified that he looked to her to be about 22 or 23 years old, and for that reason she did not ask him for any evidence of his age or identification of any kind. It is obvious, therefore, that Mr. Cherry thought the boy looked under 21, and Mrs. Coggins thought he looked over 21.

 In as much as this is a substantial evidence case, we must judge the matter of the Board's action on the basis of evidence admitted in the judicial proceeding. The burden here is on the holder of the license to prove that the Texas Liquor Control Board acted arbitrarily or capriciously in suspending the license of the package store for 30 days. It has been judicially held that whether the action of the agency is supported by substantial evidence must be determined by the court from a consideration of the entire record in the case, as that record has been made in the trial court. The test is not whether the evidence admitted preponderates against the administrative decision, nor whether there is merely some evidence to support the decision. Rather the test is whether the administrative decision can find reasonable support in substantial evidence, and this is determined by the evidence presented to the judicial tribunal. Texas State Board of Reg. for Pro. Eng. v. Trimble, 388 S.W.2d 331 (Tex.Civ.App. wr. ref.); Board of Firemen's Relief & Retirement F. Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 27 A.L.R.2d 965 (1951); Texas Co. v. Texas

Employment Commission, 261 S.W.2d 178 (Tex.Civ.App. ref., n. r. e.). In the case of Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, supra, it is stated:

"The party aggrieved by the administrative decision is not entitled to a trial de novo in court but must assume the burden of satisfying the courts that the administrative decision is illegal, arbitrary, or capricious; that is, that it is not reasonably supported by substantial evidence."

See also Texas State Board of Medical Examiners v. Scott, 377 S.W.2d 104 (Aus.Civ. App., Feb. 1964), where the cause was reversed and remanded for new trial because the trial court had submitted it to a jury under the preponderance of evidence rule.

 Here, it is stated in the appellant's brief as follows: "The only question before this Court, then, is whether beer was sold 'knowingly'. The Appellant submits that it was." On the basis of the facts recited above, it is clear that Mrs. Coggins knew Mr. Cherry, the investigator, and saw him sitting in his car just across the street. Also, the record shows that this establishment had had one three-day suspension some months before. We do not know what was in the affidavit which was the evidence presented before the Liquor Control Board, but, judging this case on the basis of what was presented before the District Court, we find no evidence that Mrs. Coggins "knowingly" sold beer to a minor. We believe, as the trial court must have believed, that under no circumstances would Mrs. Coggins (knowing that the inspector for the Liquor Control Board was sitting in his car across the street, obviously watching her place of business) have "knowingly" sold beer to a minor. We do not believe that reasonable minds could differ as to this conclusion. It approaches the unbelievable that Mrs. Coggins would have "knowingly" violated the law by selling beer to a minor as the situation existed at the time of the sale. The extent of the evidence is that the

boy was a minor and that the agent thought he looked under 21, but we do not find any evidence showing that Mrs. Coggins thought or should have thought that he was under 21; in other words, that she "knowingly" sold beer to a person under 21 years of age.

The Order of the Texas Liquor Control Board is therefore canceled, and the decision of the trial court is in all things affirmed.