**Thuy Thi DINH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0730–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 15, 1985.

John J. Knoff, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Roe Morris and Kathy Giannaula, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before COHEN, JACK SMITH and DUNN, JJ.

## OPINION

COHEN, Justice.

Appellant waived a jury and was convicted by the court for selling alcohol to a minor. Tex.Alco.Bev.Code Ann. sec. 106.06 (Vernon 1978). The court assessed punishment at three days confinement and a fine of $200.

The information alleged that on or about June 22, 1984, appellant did

while the agent, servant, and employee of Tien Quang Dinh, a person holding a beer and wine retail dealer's off-premises license issued by the Texas Alcohol Beverage Commission, knowingly sell, serve, and deliver beer to [F.A.B.], a person under nineteen years of age.

Appellant contends that the evidence is insufficient to prove that he "knowingly" sold alcohol to a minor. We agree.

■ Our statute has long required the State to prove that the accused had actual knowledge of the purchaser's minority. *Williams v. State*, 23 Tex.Ct.App. 70, 3 S.W. 661 (1887); Annot., 12 A.L.R.3d 991 (1967). In Texas, one may be convicted of some crimes without proof of intent. *Ex parte Ross*, 522 S.W.2d 214 (Tex.Crim.App. 1975) (driving while intoxicated); *Vasquez v. State*, 622 S.W.2d 864 (Tex.Crim.App. 1981) (statutory rape); however, sale of liquor to a minor is not among them.

■ When a purchaser is seven, eight, or nine years old, knowledge may be inferred from age alone. But the State may not always rely on the minor's appearance alone, and may be required to introduce additional evidence showing that the accused had actual knowledge of the purchaser's age. *Henderson v. State*, 37 Tex. Crim. 79, 38 S.W. 617, 618 (1897) (where the purchaser was 16 at a time when the statute required the purchaser to be over 21 years of age); *see also Smith v. State*, 134 Tex.Crim. 259, 115 S.W.2d 412 (1938).

Even in civil proceedings to suspend a liquor license, there must be substantial evidence that the licensee knowingly sold alcohol to a minor. In such a proceeding, where there was testimony that

the boy looked to [the investigator] to be much younger than 21, and for that reason he followed him after he made the purchase, and the boy admitted that he was 18, and it appears that he hadn't been 18 very long ...

and where the licensee testified that "she did not ask for evidence of age or identification of any kind," it was held that there was no evidence that the licensee "knowingly" sold beer to a minor. *Texas Liquor Control Board v. Coggins*, 402 S.W.2d 935, 937 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.). The court stated:

The extent of the evidence is that the boy was a minor and that the agent thought he looked under 21, but we do not find any evidence showing that Mrs. Coggins thought or should have thought that he was under 21; in other words, that she "knowingly" sold beer to a person under 21 years of age.

*Id.* at 937–38. In *Texas Alcoholic Beverage Comm'n v. J. Square Ent.*, 650 S.W.2d 531 (Tex.App.—Dallas 1983, no writ), the court held that the proper standard for the Board was not whether the licensee should have known that minors were consuming alcohol on the premises but whether the licensee had actual knowledge. This was early held to be the standard in criminal cases. *Pressler v. State*, 13 Tex.Ct.App. 95 (1882).

Under the prior penal statute, Liquor Control Act, ch. 38, sec. 5, 1969 Tex.Gen. Laws, Local & Spec. 84 (repealed 1977), it was held that the accused was entitled to a jury instruction that required a distinct and affirmative finding that she knew the minor was under the statutory age. *Ledtje v. State*, 425 S.W.2d 651 (Tex.Crim.App.1968).

■ The evidence in the instant cause showed that the minor, age 18, entered the store and purchased a six-pack of beer from the appellant. The minor testified that the appellant did not ask his age or for identification, that he neither told appellant how old he was nor showed her any identification, and that he had purchased beer at that location before and had never been

asked his age. Although he testified at trial that the minor had a "youthful appearance," the arresting officer was unaware of the minor's age until he presented identification. There was no evidence that the appellant knew the purchaser was less than 19 years of age. Under the facts of this case, appearance alone is insufficient evidence to establish appellant's knowledge. In cases where evidence of knowledge of minority has been held sufficient, there has been evidence beyond physical appearance. *E.g., Slawson v. State,* 161 Tex.Crim. 312, 276 S.W.2d 811 (1955) (minor gave appellant his drivers license card which showed him to be 17 years old); *Sturgeon v. State,* 146 Tex.Crim. 513, 176 S.W.2d 331 (1943) (minor had informed the accused of his age only a few months before the sale alleged).

Appellant's ground of error is sustained.

The judgment of the trial court is reversed and a judgment of acquittal is entered.