**Jefferson W. STARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-86-00989-CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 4, 1987.

William D. Tipton, Houston, for appellant.

Jim Mapel, Criminal Dist. Atty., and Jim Turner, Asst. Criminal Dist. Atty., Brazoria County, Angleton, for appellee.

Before EVANS, C.J., and COHEN and HOYT, JJ.

OPINION

COHEN, Justice.

Appellant was convicted in a non-jury trial of knowingly making an alcoholic beverage available to a minor, Tex.Alco.Bev. Code Ann. section 106.06 (Vernon 1978), and was fined $300.00. The information alleged that appellant did:

> knowingly make an alcoholic beverage available to a person under the age of nineteen (19) years, to wit: [D.P., W.D., O.G., R.P.], when then and there the person making the alcoholic beverage available to said minor was not the parent, legal guardian, adult husband, adult wife, of the person for whom the alcoholic beverage was made available.

The State abandoned the allegations with respect to W.D., O.G., and R.P., and prosecuted the allegations concerning D.P. only.

Appellant contends that the evidence is insufficient to prove that he knew that D.P. was a minor.

The record reflects that R.P. and O.G. employed a limousine service to escort them and their dates, W.D. and D.P., to the

Angleton High School prom on May 3, 1986. Appellant was the limousine driver.

Appellant took his passengers to a restaurant in Lake Jackson, and after dinner, to the beach, where they "cut donuts" in the sand. W.D. then directed appellant to the Beverage Barn, a drive-through convenience store. As they entered the Beverage Barn, appellant asked what they wanted and was told that they wanted beer. R.P. handed appellant money, and appellant purchased a six-pack of beer. Appellant passed the beer and change to R.P., who passed the beer to the other three.

Appellant then took a circuitous route to Angleton High School, the prom site, while the passengers drank the beer. As they arrived at the high school, they were stopped by Agent Kenneth Peters of the Texas Alcoholic Beverage Commission. Peters issued citations to the four passengers and arrested appellant.

It was undisputed that on May 3, 1986, D.P. was 14 years old and in the ninth grade, O.G. was 17 years old and in the twelfth grade, W.D. was 16 years old and in the ninth grade, and R.P., whose age was never proved, was in the twelfth grade. However, three and one-half months later, at the time of trial on August 19, R.P. was in the United States Air Force. O.G. had turned 18 by the time of trial.

Initially, the State contends that section 106.06 does not require proof that appellant knew that D.P. was a minor. We disagree.

Section 106.06 provides:

A person commits an offense if he ... knowingly makes available an alcoholic beverage to a minor.

In *Dinh v. State*, 695 S.W.2d 797, 798 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd), we held that Tex.Alco.Bev.Code Ann. section 106.03 (Vernon 1978), required proof that the defendant had actual knowledge of the purchaser's minority. Section 106.03 provides that:

A person commits an offense if he knowingly sells an alcoholic beverage to a minor.

Texas courts have uniformly held that section 106.03 and similarly worded prior statutes required proof that the defendant had actual knowledge of the minor's age. *Smith v. State*, 134 Tex.Cr.R. 259, 115 S.W.2d 412 (1938); *Williams v. State*, 23 Tex.Ct.App. 70, 3 S.W. 661 (1887); *Pressler v. State*, 13 Tex.Ct.App. 95 (1882); see Op. Tex.Att'y Gen. No. M–1160 (1972). Proof that the defendant "should have known" the minor's age is insufficient, even in a civil suit to revoke a liquor license. *Texas Alcoholic Beverage Comm'n v. J. Square Ent.*, 650 S.W.2d 531, 532 (Tex.App.—Dallas 1983, no writ). Actual knowledge is required. *Ledtje v. State*, 425 S.W.2d 651 (Tex.Crim.App.1968).

■ The State argues that, in interpreting sec. 106.03, we should hold that the adverb "knowingly" modifies only the verb "sells." The State has not cited a single case supporting that interpretation. The courts have consistently held that the word "knowingly" requires proof that the defendant *knew* that the buyer was a minor. We observe that the sentence structure of sec. 106.06 is the same as that of 106.03. We therefore hold that sec. 106.06 requires proof that the defendant knew that the person to whom he made alcohol available was a minor.

■ Thus, we must decide whether the evidence is sufficient to prove that appellant (a) knowingly made an alcoholic beverage available to D.P., and (b) did so knowing that she was a minor. Actual knowledge of minority may be inferred from surrounding circumstances; but actual knowledge is not proven beyond a reasonable doubt if the evidence, viewed most favorably to the verdict, supports an inference other than the guilt of the appellant. *Denby v. State*, 654 S.W.2d 457, 464 (Tex. Crim.App.1983). Actual knowledge has not been proved if the evidence suggests with equal probability that the accused should have known, or recklessly disregarded the risk, that D.P. was a minor because those are less culpable mental states than actual knowledge. Tex.Penal Code Ann. secs. 6.02(d), 6.03 (Vernon 1974).

The only reported decisions where a defendant's actual knowledge was sufficiently proved were cases where the minor told

**54**

the defendant his age, *see Slawson v. State*, 161 Tex.Cr.R. 312, 276 S.W.2d 811 (1955); *Sturgeon v. State*, 146 Tex.Cr.R. 513, 176 S.W.2d 331 (1943); or where the defendant confessed such knowledge during the sale, *Huggins v. State*, 163 Tex.Cr.R. 522, 293 S.W.2d 779 (1956).

There is no evidence in the instant case that anyone told appellant of D.P.'s age. The State contends, however, that appellant's knowledge of D.P.'s age may be inferred from the fact that the passengers were bound for a high school prom. That inference is no more likely under this record than an inference that appellant should have known, or recklessly disregarded the risk, of D.P.'s minority, which is less than the required actual knowledge. The record established that W.D. was 16 and in the ninth grade. Thus, she would be 19, over the age of minority, as a senior. Further, R.P. was old enough soon after the offense to join the Air Force.

Here, there is no evidence of the degree or extent of appellant's observations of D.P., such that he could be charged with knowing that she was under 19. There is no evidence that appellant knew of D.P. before May 3, and no evidence that he was exposed to her that night, other than as one of four passengers, dressed in formals and tuxedos, who spent most of their time in his presence seated together behind him while he operated the limousine.

■ While actual knowledge may be inferred, *see Henderson v. State*, 37 Tex.Crim. 79, 38 S.W. 617, 618 (1897) (age alone may support an inference of knowledge when the minor is seven, eight, or nine years old), nothing in this case indicates that appellant actually knew that D.P. was less than 19 years old. Under the strict standard of review followed by our courts, the evidence, viewed most favorably to the verdict, was insufficient to support a finding of guilt beyond a reasonable doubt.

We note, as an additional basis for our holding, that R.P. gave appellant money to purchase the beer, and received beer and change from appellant. This proves that appellant knowingly made beer available to R.P., but, as previously stated, the State abandoned the allegations concerning R.P., W.D., and O.G. We find no evidence that appellant had actual knowledge that by giving beer to R.P., he was making it available to D.P. Viewed most favorably to the verdict, the evidence proves beyond a reasonable doubt no more than that appellant should have known, or disregarded a substantial risk, that R.P. would give beer to D.P. This may constitute reckless or criminally negligent conduct, but it is insufficient under controlling case law to prove beyond a reasonable doubt that appellant made beer available to D.P. "knowingly."

The legislature may wish to amend the Alcoholic Beverage Code to allow conviction upon proof that a defendant made alcohol available to a minor "recklessly" or "with criminal negligence." Tex.Penal Code Ann. secs. 6.03(c), (d) (Vernon 1974). This would allow convictions upon proof that the defendant "should have known" the minor's age. Until the legislature does so, however, we are bound by the statute's requirement that alcohol be furnished "knowingly" and by the repeated, consistent, long-standing, and unanimous holdings of our civil and criminal appellate courts requiring actual knowledge. *See generally Chance v. State*, 563 S.W.2d 812, 815–16 (Tex.Crim.App.1978); *Goss v. State*, 582 S.W.2d 782, 784 (Tex.Crim.App.1979) (Penal Code definition of "knowingly" applies to crimes set out in civil statutes).

The first point of error is sustained.

The judgment is reformed to reflect an acquittal. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).