**Seon Kim CHUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–87–071–CR.**

Court of Appeals of Texas,
Texarkana.

May 3, 1988.

Bob C. Hunt, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

CORNELIUS, Chief Justice.

A jury convicted Seon Kim Chung of selling an alcoholic beverage to a minor. Punishment was assessed at a fine of $250.00 and confinement in jail for ten days, probated. On appeal, Chung contends that the evidence is insufficient to support the conviction. The basis of her contention is that there is insufficient evidence that she knew the purchaser was a minor.

■ Chung was convicted of violating Tex.Alco.Bev.Code Ann. § 106.03 (Vernon

1978). At the time of the offense[1] that section provided that: "A person commits an offense if he knowingly sells an alcoholic beverage to a minor." Chung correctly asserts that to establish guilt under Section 106.03 the State must prove that the defendant had actual knowledge that the purchaser was a minor. *Smith v. State*, 134 Tex.Cr.R. 259, 115 S.W.2d 412 (1938); *Dinh v. State*, 695 S.W.2d 797 (Tex.App.–Houston [1st Dist.] 1985, pet. ref'd). Like any other fact, however, knowledge may be proven by circumstantial evidence as well as direct evidence. *Powell v. State*, 502 S.W.2d 705 (Tex.Crim.App.1973); *Hineline v. State*, 502 S.W.2d 703 (Tex.Crim.App. 1973); *Mouton v. State*, 627 S.W.2d 765 (Tex.App.–Houston [1st Dist.] 1981, no pet.). Knowledge may be inferred from surrounding circumstances, acts of the parties, and information or observations brought to the defendant's attention. For the evidence to be sufficient, the reviewing court must find that, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential element of knowledge beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983).

■ Viewing the evidence most favorable to the verdict, it shows the following. On the evening of June 5, 1987, Agent Clary of the Alcoholic Beverage Commission had under surveillance a Stop N Go store in Houston. Six very young-appearing persons arrived at the store in an automobile. One of them, later identified as fifteen-year-old Andrew Vecellio, got out, went into the store, and quickly returned to the car. The vehicle, followed by Agent Clary, then proceeded to the Stop–N–In store at 2633 Winrock. Andrew Vecellio again got out of the car and went into the store. Agent Clary saw him go to the store's beer cooler and pick up a twelve-pack of twelve-ounce cans of draft beer. After stopping at the store check-out counter, Vecellio came out of the store carrying a paper sack and returned to the automobile.

Agent Clary stopped the car and asked Vecellio for his identification. When he produced none, Clary asked him if he had shown any identification to the store clerk in order to obtain the beer. He answered affirmatively and produced a temporary driving permit issued to a Marvin Miller showing a birthdate of May 16, 1965, and a social security card with the same name. Neither of the documents contained a photograph or any physical description. Vecellio was taken back to the Stop–N–In store, where he identified Chung as the person who sold him the beer. Agent Clary testified that, in her opinion, on June 5, 1987, Andrew Vecellio appeared to be fourteen or fifteen years old.

Andrew Vecellio testified that he was born on November 1, 1971, and that he was fifteen years old on the date of the offense and at trial. He further stated that when he bought the beer he was wearing a T-shirt, blue jeans and tennis shoes. He also testified that he was five feet ten or eleven inches tall, weighed 125 pounds, and at the time of the offense had braces on his teeth, had no beard and shaved only about once a week. He testified that Chung did not ask him for any identification, but that he voluntarily laid the driver's permit and social security card on the check-out counter.

Chung testified that she looked at the identification furnished by Vecellio, but made no other inquiry or investigation. She stated that Vecellio's hair was longer at the time of the sale than at trial, and that she believed he was over twenty-one.

A careful consideration of the evidence convinces us there is sufficient circumstantial evidence to justify a rational trier of fact in finding beyond a reasonable doubt that Chung knew Vecellio was under twenty-one years of age. Unlike the cases of *Henderson v. State*, 37 Tex.Crim. 79, 38 S.W. 617 (1897), and *Dinh v. State*, supra, there are sufficient facts in this case concerning Vecellio's appearance and the nature of his false identification papers to

---

1. Effective January 1, 1988, the statute was amended to read: "A person commits an offense if with criminal negligence he sells an alcoholic beverage to a minor." Tex.Alco.Bev. Code Ann. § 106.03(a) (Vernon Supp.1988).

justify a belief that Chung knew of his minority. The fact that he had the appearance of a fourteen- or fifteen-year-old boy, had no facial hair, had braces on his teeth, and displayed I.D. cards showing him to be twenty-two years old but containing no photograph or other identifying characteristics, distinguishes this case from those cited and lends support to the jury finding.

For the reasons stated, the judgment of the trial court is affirmed.