■ CT CHEMICALS (U.S.A.), INC., Appellant, v MITSUI & CO. (U.S.A.), INC., Respondent. [607 NYS2d 3] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered November 20, 1992, upon a Memorandum Decision, dated September 22, 1992, of Hon. Harold Baer, Jr., granting the cross-motion by defendant for summary judgment dismissing the complaint and denying plaintiff's motion for summary judgment on its first cause of action for breach of contract and seeking to dismiss defendant's affirmative defenses relating to disclaimer of warranties as legally insufficient, unanimously affirmed, with costs.

The IAS Court properly declined to grant the plaintiff summary judgment on its breach of contract and breach of implied warranty claims based upon the court's determination that there was no breach of contract because the chemical compound supplied by the defendant conformed to the specifications set forth in the parties' agreement, and that there was no breach of either an implied warranty of merchantability or fitness for a particular purpose because the chemical compound was fit for one of the ordinary purposes for which it was used and because the defendant was not aware that the xylene ordered by the plaintiff was intended for a particular use.

Although, as plaintiff correctly notes, under Texas law, which governs the underlying transaction, a breach of contract action lies when the goods ordered are not the goods received (Donnelly Mktg. v Lionel Sosa, Inc., 716 SW2d 598 [Tex]), the IAS Court, nevertheless, properly dismissed plaintiff's breach of contract claim against the defendant since the sales contract between the parties, in the form of separate telexes, required only that the "quality" of the chemical compound xylene supplied by the defendant to the plaintiff meet the "guaranteed sales specifications" of the manufacturer, British Petroleum, also known as Solios; and, as conceded by plaintiff's vice-president at deposition, a neutral and independent inspector who surveyed the chemical at loading and whose findings for quality and quantity were, pursuant to the parties' agreement, "final and binding", certified that the product met the specifications set forth in the parties' contract.

Plaintiff's remaining causes of action for breach of an implied warranty of merchantability and fitness for a particular purpose, based solely upon its allegations that the xylene delivered contained sulfolane, a process chemical and contaminant that allegedly rendered it valueless for the purpose of resale to its customer, St. Croix, and unfit for the intended purpose of use in making paraxylene, were also properly dismissed. The merchantable quality of the chemical in compliance with Texas Business and Commercial Code Annotated § 2.314 (b) (3), which defines goods to be merchantable which are fit for the ordinary purposes for which such goods are used, was clearly established by the testimony of both the plaintiff's president and the defendant's vice-president that xylene may be used for various commercial purposes, including gasoline and paraxylene production, as well as the relative ease with which the plaintiff admittedly resold the allegedly

contaminated xylene to another customer, Amoco, for a purchase price of approximately $100,000 in excess of the price the plaintiff would have received from its original customer.

In addition, the plaintiff failed to establish the requisite criteria to recover on an implied warranty of fitness under Texas law by demonstrating that the defendant, as seller, had reason to know that the plaintiff, a large, sophisticated organization specializing in the resale of chemical compounds, had purchased the xylene for a particular purpose, that the defendant had reason to know that the plaintiff was relying on the defendant's skill or judgment in furnishing appropriate goods, and that the plaintiff had, in fact, relied upon the defendant's skill and judgment (Tex Bus & Com Code Annot § 2.315; *Morris v Adolph Coors Co.,* 735 SW2d 578 [Tex]).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.